Marc G. Wilhelm ABA 8406054
Robert L. Richmond ABA 7011069
RICHMOND & QUINN, PC
360 "K" Street, Suite 200
Anchorage, Alaska 99501
Ph: (907) 276-5727
Fax: (907) 276-2953
e-mail: mwilhelm@richmondquinn.com
       brichmond@richmondquinn.com

Attorneys for Defendant, Peninsula Airways, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TEDDY O. MATSON, Individually and as Personal Representative of the Estate of RENEE MARTHA MATSON, <br><br> Plaintiff, <br><br> v. <br><br> PENINSULA AIRWAYS, INC., <br><br> Defendant. | Case No. 3:08-cv_____ |

**NOTICE OF REMOVAL FROM STATE COURT**

TO: The United States District Court
For the District of Alaska

AND TO: Neil T. O'Donnell
ATKINSON, CONWAY & GAGNON
420 L Street, Suite 500
Anchorage, Alaska 99501

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

Defendant, Peninsula Airways, Inc., hereby gives notice that pursuant to 28 U.S.C. §§ 1331, 1332(a)(1), 1441 and 1446, it has this day filed in the United States District Court for the District of Alaska this Notice of Removal of the following action: <u>Teddy O. Matson, Individually and as Personal Representative of the Estate of Renee Martha Matson vs. Peninsula Airways, Inc.</u>, filed in the Superior Court for the State of Alaska, Third Judicial District at Naknek, Case No. 3NA-07-009 Civil. You are also notified that the defendant has filed a copy of this Notice with the Clerk of the Superior Court for the Third Judicial District at Naknek, and that the action has thereby been removed from the Superior Court to the United States District Court. See Exhibit A ("Notice of Removal to United States District Court" without attachments).

The grounds for removal are as follows: plaintiff's action arises under the laws of the United States. 28 U.S.C. §§ 1331 and 1441(b). Plaintiff's Amended Complaint alleges that the pilot of the flight, Andrew Simonds, was negligent with respect to the flight in question. The Amended Complaint alleges that Peninsula Airways, Inc., negligently and recklessly failed to train and supervise Mr. Simonds. The Amended Complaint further alleges that Peninsula Airways was

NOTICE OF REMOVAL FROM STATE COURT
MATSON v. PENINSULA AIRWAYS, CASE NO. 3:08-cv-
PAGE 2
Case 3:08-cv-00115-RRB   Document 1   Filed 05/16/08   Page 2 of 7

negligent and reckless in failing to advise or direct Mr. Simonds not to make the flight in question. See Exhibit B, Amended Complaint.

Statutory federal question jurisdiction extends to cases in which a federal question appears on the face of a well-pleaded complaint. Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1089 (9th Cir. 2002). Because plaintiff's claims allege negligence in the operation of the aircraft, the supervision of the pilot, the training of the pilot, and in the management of the flight, they allege violation of the Federal Aviation Regulations. The actions of the pilot and airline are governed by Title 14 C.F.R. part 91 and 14 C.F.R. part 135, among other regulations. Montalvo v. Spirit Airlines, 508 F.3d 464 (9th Cir. 2007), makes Federal law the exclusive law applicable to claims against airlines for negligent operation of an aircraft, and supervision and training of a pilot, to the exclusion of state law. Under Montalvo, plaintiff's claims of negligent operation, training and supervision accordingly allege violation of the laws of the United States, and thus allege a federal claim over which this court has original jurisdiction.

NOTICE OF REMOVAL FROM STATE COURT
MATSON v. PENINSULA AIRWAYS, CASE NO. 3:08-cv-
PAGE 3
Case 3:08-cv-00115-RRB   Document 1   Filed 05/16/08   Page 3 of 7

To the extent plaintiff claims that the aircraft was negligently operated, plaintiff is alleging a right to relief governed by a provision of the Federal Aviation Act. Under 14 C.F.R. § 91.3, Mr. Simonds, as the pilot in command of the aircraft, was directly responsible for, and the final authority as to, the operation of the aircraft. Given that plaintiff claims the pilot was negligent because he flew into clouds or poor visibility, plaintiff is alleging a violation of the visual flight rules under which this aircraft was operating, i.e., 14 C.F.R. § 91.155 and/or 14 C.F.R. §§ 135.203 and 135.205, which require the pilot to maintain certain minimum visibility. Any claim the pilot was otherwise negligent in the flying of the aircraft alleges a violation of 14 C.F.R. § 91.13(a), which governs the standard of care, and states:

> No person may operate an aircraft in a careless or reckless manner so as to endanger the life or property of another.

14 C.F.R. 91.13(a).

The allegation of negligent training presents a claim that PenAir violated the Federal Aviation Regulations. Federal Aviation Administration (FAA) requirements for the qualifications, experience and training of crew, and for duty

NOTICE OF REMOVAL FROM STATE COURT
MATSON v. PENINSULA AIRWAYS, CASE NO. 3:08-cv-
PAGE 4

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

time, are governed, in part, by 14 CFR §§ 135.243, 135.244, and 135.247. With respect to training, 14 C.F.R. § 135.247(a)(ii)(D), requires that "within the preceding 12 months prior to the month of the flight, the pilot must have completed a training program that is approved under part 142 of this chapter." The FAA sets the standard for pilot training, by regulating the contents of training programs of air carriers, such as Peninsula Airways. Indeed, the FAA must approve an air carrier's training program and approved the contents of the PenAir training program that Mr. Simonds was required to complete. Id.; 14 C.F.R. §§ 135.321 to 135.353; 14 C.F.R. Part 142.

In the alternative, plaintiff's complaint presents a federal claim that has been artfully pled as a state court claim. Even where a complaint does not plead a federal question, an exception to the well-pleaded complaint rule exists where a complaint is "artfully pleaded" to avoid explicit reference to what is actually a federal claim. Rains v. Criterion Sys. Inc., 80 F.3d 339, 344 (9th Cir. 1996).

In addition, this court has jurisdiction under the complete preemption doctrine. Even where a claim has not been artfully pleaded, cases are removable pursuant to an

NOTICE OF REMOVAL FROM STATE COURT
MATSON v. PENINSULA AIRWAYS, CASE NO. 3:08-cv-
PAGE 5
Case 3:08-cv-00115-RRB   Document 1   Filed 05/16/08   Page 5 of 7

independent corollary to the well-pleaded complaint rule known as the "complete preemption" doctrine. Rains, 80 F.3d at 344. "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." Id. at 344-45 (citations omitted). Such a complaint raises a federal question under Alaska and federal law, even if it does not specifically discuss a federal statute. Schaub v. K & L Distributors, Inc., 115 P.3d 555, 560 (Alaska 2005), quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 393, 107 S. Ct. 2425 (1987).

Thus, plaintiffs' complaint alleges a violation of federal – not state law.

This motion is timely filed as suit was served on defendant Peninsula Airways, Inc., on April 28, 2008.

Based on the above, this court has both original and removal (federal question) jurisdiction over this action and defendant is entitled to remove this action from the Superior Court for the State of Alaska.

NOTICE OF REMOVAL FROM STATE COURT
MATSON v. PENINSULA AIRWAYS, CASE NO. 3:08-cv-
PAGE 6
Case 3:08-cv-00115-RRB   Document 1   Filed 05/16/08   Page 6 of 7

DATED this 16th day of May, 2008, at Anchorage, Alaska.

By: /s/ Marc G. Wilhelm
RICHMOND & QUINN
360 K Street, Suite 200
Anchorage, AK 99501
Ph: 907-276-5727
Fax: 907-276-2953
mwilhelm@richmondquinn.com
ABA #8406054

By: /s/ Robert L. Richmond
Robert L. Richmond
RICHMOND & QUINN
360 "K" Street, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 276-5727
Facsimile: (907) 276-2953
brichmond@richmondquinn.com
Alaska Bar No. 7011069

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by mail this 16th day of May, 2008 on:

Neil T. O'Donnell
ATKINSON CONWAY & GAGNON, INC.
420 L Street, Suite 500
Anchorage, Alaska 99501

/s/ Marc G. Wilhelm
RICHMOND & QUINN

1059\056\PLD\REMOVAL (FEDERAL)

**NOTICE OF REMOVAL FROM STATE COURT**
MATSON v. PENINSULA AIRWAYS, CASE NO. 3:08-cv-
PAGE 7

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953